**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

TIFFANY BARKSDALE,
and
DOMINICK BARKSDALE

 Plaintiffs,

v.

TRANS UNION, LLC,

 SERVE: Corporation Service Company
     100 Shockoe Slip Fl 2
     Richmond, VA 23219   Civil Action No._____

HUNTER WARFIELD, INC.

 SERVE: Stephen W. Sobota, CEO
     4620 Woodland Corporate Blvd.
     Tampa, FL 33614

and

RPM HAMPTON ROADS, INC.

 SERVE: L.T. Caplan
     5350 Kempsriver Rd., Ste. 108
     Virginia Beach, VA 23464

 Defendants.

## **COMPLAINT**

COME NOW the Plaintiffs, Tiffany Barksdale and Dominick Barksdale, by counsel, and as for their Complaint against Defendants Trans Union, LLC ("Trans Union"), Hunter Warfield, Inc. ("Hunter Warfield"), and RPM Hampton Roads, Inc. ("RPM"), they state as follows:

1. This is an action for statutory, actual, and punitive damages, costs and attorney fees, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 15 U.S.C. § 1681(p), and 15 U.S.C. § 1692k(d).

## PARTIES

3. Plaintiff Tiffany Barksdale at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Plaintiff Dominick Barksdale at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Trans Union is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

7. Trans Union regularly engages in the business of assembling, evaluating, and publishing consumer information to furnish consumer reports to third parties as defined by 15 U.S.C. § 1681a(d).

8. Upon information and belief, Trans Union publishes consumer reports to third parties under contract for monetary compensation.

9. Defendant Hunter Warfield is a foreign corporation and debt collector headquartered in Florida which conducts debt collection activity within the Commonwealth of Virginia, which includes, but is not limited to, reporting credit information to Trans Union.

10. Hunter Warfield is a furnisher as defined by 16 C.F.R. § 660.2(c), and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant RPM Hampton Roads is a property management services corporation authorized to do business in the Commonwealth of Virginia.

## STATEMENT OF FACTS

12. In or around July 2018, Plaintiffs Dominick and Tiffany Barksdale rented an apartment from RPM Hampton Roads.

13. The apartment that Plaintiffs Dominick and Tiffany Barksdale rented from RPM Hampton Roads was delivered to them with a bug infestation problem.

14. The apartment had holes in the floors which were permitting the infestation to continue.

15. Following their move to the apartment, the Plaintiffs attempted to have RPM correct these issues with their apartment to no avail and were finally forced to withhold rent to force RPM to address the bug infestation, holes in the floors and other issues with the apartment.

16. RPM then sued the Plaintiffs in Norfolk General District Court on September 19, 2018 seeking possession of the premises.

17. On October 24, 2018, the Plaintiffs attended their return date and explained the issues to the Court.

18. The Court found that Defendant RPM had forfeited September's rent because it was put on notice to fix the holes in the floors that were causing the bug infestation and that it had not done so.

19. The Court entered judgment memorializing the parties' agreement and its findings that the lease would end on October 31, 2018, that Defendant RPM had forfeited its right to rent

for the month of September, and that the Plaintiffs would pay a total of $1,500 to fully satisfy their obligations under the lease.

20. Plaintiffs paid the full amount ordered by the Court with the funds that were already escrowed with the Court and vacated the premises before October 31, 2018.

21. In early July 2019, Hunter Warfield called the Plaintiffs and left a message, stating that it was contacting the Plaintiffs "in order to collect a debt".

22. Plaintiff Dominick Barksdale returned the call, informed Hunter Warfield that it was attempting to collect amounts that were not owed, and instructed Hunter Warfield not to contact him or his wife again.

23. On or about July 16, 2019, the Plaintiffs received a "notice of delinquency" in the mail from Defendant Hunter Warfield attempting to collect a debt allegedly owed to Defendant RPM.

24. Defendant Hunter Warfield outrageously and falsely claimed that $10,707.80 was still owed on the account that had already been paid off with funds escrowed in the Court and according to the terms memorialized in the Court judgment that disposed of the matter.

25. At the time that Defendant RPM, through Hunter Warfield, sent a letter demanding payment of $10,707.80, the Plaintiffs owed nothing to either of them.

26. Hunter Warfield's letter also threatened to injure the Plaintiffs' credit standing by reporting the debt to "one or more" of the credit reporting agencies if they did not pay the outrageous sum demanded.

27. Hunter Warfield followed through on this threat.

28. On or about August 1, 2019, both Plaintiffs obtained their consumer disclosure from Defendant Trans Union and discovered that Defendants RPM and Hunter Warfield were

4

reporting a severely derogatory and inaccurate collection notation which falsely stated that they owed and failed to pay $10,707.80.

29. This reporting was inaccurate, as the Plaintiffs owed nothing following the former lawsuit which was disposed of and decided on the merits by the Norfolk General District Court after it heard evidence.

30. In January 2020, Plaintiff Tiffany Barksdale disputed the account with Trans Union and informed Trans Union that a company was fraudulently attempting to collect a debt that she did not owe.

31. Trans Union received her dispute but failed to properly investigate and remove the severely delinquent collection notation from her credit file.

32. Trans Union thereafter continued to include the severely delinquent Hunter Warfield collection account within her credit file.

33. Consistent with its standard business practice and willfully implemented policies and procedures, Defendant Trans Union simply transmitted Plaintiff Tiffany Barksdale's dispute to Hunter Warfield via an electronic Automated Credit Dispute Verification ("ACDV") form.

34. The credit reporting agencies use a system named "e-Oscar," which is an automated system used to translate a consumer dispute into a 2-digit ACDV code. The ACDV is then routed from the credit reporting agencies to the furnisher.

35. Upon information and belief, Hunter Warfield follows a standard and systematically unlawful process of simply "verifying" to the credit reporting agencies the same information that was previously reported to those credit reporting agencies in an effort to collect the debt by any means possible and without regard to the underlying accuracy of the account, or whether its collection target actually owes the money.

36. In other words, Defendant Hunter Warfield simply performs a "data matching" exercise where it determines whether the data that the credit reporting agencies have on file matches the data that it previously reported to the credit reporting agencies.

37. Hunter Warfield failed to conduct an independent and substantive review of the disputed account to verify whether Plaintiff Tiffany Barksdale was responsible for the account.

38. Upon information and belief, upon receipt of the ACDV from Trans Union, Hunter Warfield did not review the Norfolk General District Court file.

39. Upon information and belief, upon receipt of the ACDV from Trans Union, Hunter Warfield did not contact its principal, Defendant RPM, to confirm whether it believed that Plaintiff Tiffany Barksdale actually owed the debt.

40. Defendant Hunter Warfield did not, itself, contact Plaintiff Tiffany Barksdale after receipt of the ACDV, nor did it make any attempt to do so when determining how to respond to the ACDV, despite that it had her telephone number and had previously called her to attempt to collect money that she did not owe.

41. After Hunter Warfield received the ACDV from Trans Union, it defamed Mrs. Barksdale by falsely stating to Trans Union (and accordingly, anyone who would thereafter purchase her Trans Union report), that she owed $10.707.80 and had not paid it.

42. Trans Union complied with the instructions of its paying customer, Defendant Hunter Warfield, "parroted" back the information it had previously been reporting, and thereafter sent letters to Plaintiff Tiffany Barksdale falsely stating that its investigations had determined conclusively that she was liable for the account.

43. In all regards Trans Union and Hunter Warfield failed to comply with their respective duties under the FCRA to fully and properly investigate Plaintiff Tiffany Barksdale's disputes.

44. Because of the Defendants' conduct, actions, and inaction, Plaintiff Tiffany Barksdale suffered damages to include, but not limited to, damage to her credit rating, aggravation, emotional stress, inconvenience, embarrassment, and frustration. She was additionally deterred from securing lines of credit that she should have otherwise qualified for due to the inaccurate and derogatory account that Trans Union and Hunter Warfield each caused to be retained within her credit file.

**COUNT I: VIOLATION OF 15 U.S.C. § 1681e(b)**
**AGAINST DEFENDANT TRANS UNION**
**(Plaintiffs Dominick and Tiffany Barksdale)**

45. The Plaintiffs restate each allegation in the preceding paragraphs 1 through 8, and 12 through 44, as if set forth at length herein.

46. Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information included in the Plaintiffs' consumer reports.

47. As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered actual damages, including, but not limited to, damage to their credit ratings, lost opportunities to enter consumer credit transactions, and aggravation, frustration, inconvenience, and embarrassment.

48. Trans Union's conduct, actions, and inaction was willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n.  In the alternative, Trans Union was negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

49. The Plaintiffs are entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT II: VIOLATION OF 15 U.S.C. § 1681i(a)(1)
## AGAINST DEFENDANT TRANS UNION
## (Plaintiff Tiffany Barksdale)

50. Plaintiff Tiffany Barksdale restates each of the allegations in the preceding paragraphs 1 through 8, and 12 through 44 as if set forth at length herein.

51. Trans Union violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate.

52. As a result of Trans Union's conduct, actions, and inaction, Plaintiff Tiffany Barksdale suffered actual damages.

53. Trans Union's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling Plaintiff Tiffany Barksdale to recover under 15 U.S.C. § 1681o.

54. As a result of Trans Union's violation of 15 U.S.C § 1681i, Plaintiff Tiffany Barksdale is entitled to recover actual, statutory, and punitive damages, in addition to her costs and attorneys' fees.

## COUNT III: VIOLATION OF 15 U.S.C. § 1681i(a)(2)
## AGAINST DEFENDANT TRANS UNION
## (Plaintiff Tiffany Barksdale)

55. Plaintiff Tiffany Barksdale restates each of the allegations in the preceding paragraphs 1 through 8, and 12 through 44 as if set forth at length herein.

56. Trans Union violated 15 U.S.C. § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send all relevant information that it received with Plaintiff Tiffany Barksdale's disputes to Defendant Hunter Warfield.

57. As a result of Trans Union's conduct, actions, and inaction, Plaintiff Tiffany Barksdale suffered actual damages.

58. Trans Union's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling Plaintiff Tiffany Barksdale to recover under 15 U.S.C. § 1681o.

59. As a result of Trans Union's violation of 15 U.S.C § 1681i(a)(2), Plaintiff Tiffany Barksdale is entitled to recover actual, statutory, and punitive damages, in addition to her costs and attorneys' fees.

### COUNT IV: VIOLATION OF 15 U.S.C. § 1681i(a)(4)
### AGAINST DEFENDANT TRANS UNION
### (Plaintiff Tiffany Barksdale)

60. Plaintiff Tiffany Barksdale restates each of the allegations in the preceding paragraphs 1 through 8, and 12 through 44 as if set forth at length herein.

61. Trans Union violated 15 U.S.C. § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received with Plaintiff Tiffany Barksdale's dispute.

62. As a result of Trans Union's conduct, actions, and inaction, Plaintiff Tiffany Barksdale suffered actual damages.

63. Trans Union's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling Plaintiff Tiffany Barksdale to recover under 15 U.S.C. § 1681o.

64. As a result of Trans Union's violation of 15 U.S.C § 1681i(a)(4), Plaintiff Tiffany Barksdale is entitled to recover actual, statutory, and punitive damages, in addition to her costs

and attorneys' fees.

### COUNT V: VIOLATION OF 15 U.S.C. § 1681i(a)(5)
### AGAINST DEFENDANT TRANS UNION
### (Plaintiff Tiffany Barksdale)

65. Plaintiff Tiffany Barksdale restates each of the allegations in the preceding paragraphs 1 through 8, and 12 through 44 as if set forth at length herein.

66. Trans Union violated 15 U.S.C. § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete or modify any information that was the subject of Plaintiff Tiffany Barksdale's dispute and that was inaccurate or could not be verified.

67. As a result of Trans Union's conduct, actions, and inaction, Plaintiff Tiffany Barksdale suffered actual damages.

68. Trans Union's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling Plaintiff Tiffany Barksdale to recover under 15 U.S.C. § 1681o.

69. As a result of Trans Union's violation of 15 U.S.C § 1681i(a)(5), Plaintiff Tiffany Barksdale is entitled to recover actual, statutory, and punitive damages, in addition to her costs and attorneys' fees.

### COUNT VI: VIOLATION OF 15 U.S.C. § 1681b(f)
### AGAINST DEFENDANT HUNTER WARFIELD
### (Plaintiffs Dominick Barksdale and Tiffany Barksdale )

70. The Plaintiffs restate each allegation in the preceding paragraphs 1 through 4, 9, 10, 12 through 29, 37 through 40, 43 and 44 as if set forth at length herein.

71. Defendant Hunter Warfield violated 15 U.S.C. § 1681b(f) by obtaining and using the Plaintiffs' consumer reports on July 12, 2019 without a permissible purpose to do so.

72. As a result of Defendant Hunter Warfield's conduct, the Plaintiffs suffered actual damages.

73. Defendant Hunter Warfield's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Hunter Warfield was negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

74. The Plaintiffs are also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT VII: VIOLATION OF 15 U.S.C. § 1681s-2(b)**
**AGAINST DEFENDANT HUNTER WARFIELD**
**(Plaintiff Tiffany Barksdale)**

75. Plaintiff Tiffany Barksdale restates each allegation in the preceding paragraphs 1 through 4, 9, 10, 12 through 29, 33 through 40, and 42 through 44 as if set forth at length herein.

76. Hunter Warfield violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff Tiffany Barksdale's disputes, failing to correct and delete the account in its internal records, and failing to correctly report the results of an accurate investigation to the consumer reporting agencies.

77. Based on Hunter Warfield's alleged conduct, action, and inaction, Plaintiff Tiffany Barksdale suffered actual damages, including, but not limited to, damage to her credit rating, lost opportunities to enter consumer credit transactions, increased costs and interest, denial of credit and aggravation, frustration, inconvenience, and embarrassment.

78. Hunter Warfield's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Hunter Warfield was negligent, entitling Plaintiff Tiffany Barksdale to recover under 15 U.S.C. § 1681o.

79. Plaintiff Tiffany Barksdale is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Hunter Warfield in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT VIII: DEFAMATION
## AGAINST DEFENDANTS HUNTER WARFIELD AND RPM
## (Plaintiffs Dominick and Tiffany Barksdale)

80. The Plaintiffs restate paragraphs 1 through 4, and 9 through 44 as if set forth at length herein.

81. Defendants RPM, through its agent Hunter Warfield, published the false representation that Plaintiffs Dominick and Tiffany Barksdale owed RPM and Hunter Warfield $10,707.80 and that they were delinquent in repaying this debt, in each of Hunter Warfield's monthly reports to the credit reporting agencies, and then through those credit reporting agencies, re-published that false representation to each and every entity that viewed the Plaintiffs' credit reports.

82. These defamatory statements were made with legal malice and a willful intent to injure the Plaintiffs by placing derogatory information within their consumer reports that Defendants RPM and Hunter Warfield knew would be republished to each entity that purchased Plaintiffs' credit files.

83. Defendants RPM and Hunter Warfield each knew about the prior state court litigation against the Plaintiffs and the Court's determination in that case, and therefore were each acutely aware that Plaintiffs did not owe the amount claimed.

84. As a result of Defendant RPM and Hunter Warfield's conduct, actions and inaction, the Plaintiffs suffered actual damages including, but not limited to, damage to their credit rating,

lost opportunities to enter consumer credit transactions, increased costs and interest, denial of credit and aggravation, frustration, inconvenience, and embarrassment.

85. These defamatory statements were made maliciously, willfully, deliberately, intentionally, and/or were made with reckless disregard for the interests and rights of the Plaintiffs in an effort to extort them into paying money that they did not owe. This conduct justifies an award of punitive damages against Defendants RPM and Hunter Warfield in an amount to be determined by the Court.

**COUNT IX: VIOLATION OF 15 U.S.C. § 1692
FAIR DEBT COLLECTION PRACTICES ACT
AGAINST DEFENDANT HUNTER WARFIELD
(Plaintiffs Dominick and Tiffany Barksdale)**

86. The Plaintiffs restate paragraphs 1 through 4, 9, 10, 12 through 29, 33 through 40, and 42 through 44 as if set forth at length herein.

87. Hunter Warfield's efforts to collect a debt from the Plaintiffs that they did not owe, particularly after such time as Plaintiff Dominick Barksdale explicitly informed it in July 2019 that nothing was owed, violated the Fair Debt Collection Practices Act - specifically, 15 U.S.C. §1692e and §1692f.

88. Hunter Warfield's communication of credit information that was known or should have been known to be false to Equifax, Experian and Trans Union, including the failure to communicate that a disputed debt was disputed, violated 15 U.S.C. §1692e(8).

89. Hunter Warfield's actions in responding to the credit reporting agencies and falsely representing that it had verified that Plaintiff Tiffany Barksdale was responsible for the debt was a "false representation or deceptive means" used to collect or attempt to collect any debt, and therefore violated 15 U.S.C. §1692e(10).

90. As a result of Hunter Warfield's violations of the FDCPA, Plaintiffs are entitled to their actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against Hunter Warfield.

### COUNT X: NEGLIGENT HIRING
### AGAINST DEFENDANT RPM HAMPTON ROADS
### (Plaintiffs Dominick and Tiffany Barksdale)

91. The Plaintiffs restate paragraphs 1 through 4, 9 through 11, 19 through 29, 35 through 41, 43 and 44 as if set forth in length herein.

92. Defendant RPM owed Plaintiffs the duty of contracting with outside collection agencies that would not violate the Plaintiffs' right afforded to them by federal law.

93. Defendant RPM was negligent in the manner that it employed when deciding to hire Defendant Hunter Warfield.

94. For example, by July 1, 2019, a simple PACER search would have revealed that Defendant Hunter Warfield had been sued at least 367 times in federal courts across the country by consumers.

95. Defendant RPM knew or should have known that Hunter Warfield's collection practices, including its pattern and practice of reporting false credit information, posed a threat of harm to others, including the Plaintiffs.

96. Both Plaintiffs were harmed as a result of the conduct of Defendant Hunter Warfield, hired by Defendant RPM, and Hunter Warfield's inaccurate reporting of the Plaintiffs' debt that was fully satisfied and reflected in the final judgment of the Norfolk General District Court, which Defendant RPM specifically authorized and ratified.

97.      As a result of Defendant RPM's negligent hiring, the Plaintiffs suffered actual damages including, but not limited to, damage to their credit rating, lost opportunities to enter consumer credit transactions, increased costs and interest, denial of credit and aggravation, frustration, inconvenience, and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand judgment for actual, statutory, and punitive damages against the Defendants, in addition to attorneys' fees and costs; pre and post-judgment interest at the legal rate; injunctive and declaratory relief; and any other relief the Court deems just, equitable, and proper.

**The Plaintiffs demand a trial by jury.**

Respectfully submitted,
**Tiffany Barksdale
and
Dominick Barksdale**

By_____/s/_____
Matthew J. Erausquin, VSB #65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Ste. 600
Alexandria, Virginia 22314
(703) 273-7770 - Telephone
(888) 892-3512 - Facsimile
Email:  matt@clalegal.com

*Counsel for the Plaintiffs*